# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**MARK A. FRANKLIN**                                                                              **PLAINTIFF**

**v.**                                    **No. 4:25-cv-853-DPM**

**MN89, INC.**                                                                              **DEFENDANT**

## ORDER

MN89's unopposed motion to transfer venue or compel arbitration, *Doc. 21*, is granted as specified. On behalf of his LLC, Franklin signed two lease agreements with MN89. *Doc. 21-3 & 21-4.* The Court can consider them—they're embraced by the amended complaint. *Doc. 18 at ¶ 1*; *Zean v. Fairview Health Services*, 858 F.3d 520, 526 (8th Cir. 2017). The parties agreed how they would resolve any disagreement arising from their business relationship.

> [A]ny dispute, controversy, or claim arising out of, or relating to this Contractor Lease or any prior lease between the Parties, or the breach thereof, shall be settled by arbitration if arbitration is agreed upon by Carrier and Contractor during negotiations as required by § 13(a), and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction.

*Doc. 21-3 at 20 & Doc. 21-4 at 18.*

Federal law favors arbitration and enforcement of agreements to arbitrate. *Triplet v. Menard, Inc.*, 42 F.4th 868, 870 (8th Cir. 2022). There's no dispute that these agreements were made. There's no

dispute about whether they're broad enough to cover Franklin's individual claims arising from his trucking work through his LLC with MN89. In any event, Franklin's LLC and MN89 unmistakably agreed that the arbitrator would decide whether any claim or dispute was subject to arbitration. *Doc. 21-3 at 21 & Doc. 21-4 at 19; Fallo v. High-Tech Institute*, 559 F.3d 874, 877 (8th Cir. 2009). The parties' preferred forum—conditioned on further agreement about the details—is arbitration. The Court must therefore compel arbitration. 9 U.S.C. § 4; *Triplet*, 42 F.4th at 870.

This case is stayed. The parties must confer about the arbitration details, as their agreement requires. *Doc. 21-3 at 20–21 & Doc. 21-4 at 18–19*. By 7 August 2026, they must report to the Court on whether they have reached an agreement on arbitration particulars. If they have not sorted the details by then, the Court will dismiss this case without prejudice. This federal court cannot transfer the case to the parties' fallback forum choice: the Circuit Court of DuPage County, Illinois. *Doc. 21-3 at 21 & Doc. 21-4 at 19*. The parties' choice is clear, reasonable, and not contrary to public policy. *Atlantic Marine Construction Co., Inc. v. United States District Court for Western District of Texas*, 571 U.S. 49, 63–64 (2013). The United States District Court for the Northern District of Illinois is not an option. The parties didn't agree to that forum. The Court can enforce the parties' second choice only through a non-merits dismissal that allows the case to be refiled in the parties' chosen forum.

-2-

- 3 -

\*

Motion, *Doc. 21*, granted in the alternative and as specified. The other pending motions, *Doc. 20, 22 & 24*, are denied as moot. Status report on arbitration details (joint or separate) due by 7 August 2026.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

1 July 2026
_____